IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARC PORRECA,

    Petitioner,

v.                                        Civil Action No. 5:06CV130
                                                        (STAMP)

DOMINIC A. GUTIERREZ,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AS FRAMED APPLICATION FOR HABEAS CORPUS**

The pro se petitioner initiated this § 2241 habeas corpus action on October 20, 2006. In the petition, the petitioner challenges the Bureau of Prisons ("BOP") policy of transferring prisoners to a Community Corrections Center ("CCC")[1] for only the last ten percent of their term of imprisonment. Therefore, the petitioner requests an order directing the BOP transfer him to a CCC for the last six months of his term of imprisonment. This case was referred to United States Magistrate Judge John S. Kaull for an initial review and submission of proposed findings of fact and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

Upon an initial review of the petition, Magistrate Judge Kaull determined that summary dismissal was not appropriate at that time,

---

[1] The BOP now refers to CCCs as Residential Release Centers; for purposes of clarity and consistency with the terms used in documents the parties have filed with this Court, this order will continue to refer to the facilities as CCCs.

and directed the respondent to file a response to the petition.  A response was filed on February 7, 2007.

On February 21, 2007, Magistrate Judge Kaull issued an opinion recommending that the petition be denied and dismissed without prejudice as premature.  Specifically, Magistrate Judge Kaull noted that while Congress has mandated pre-release placement for federal prisoners pursuant to 18 U.S.C. § 3624(c), such placement is not required until the last six months of incarceration.  Moreover, the magistrate judge found that BOP policy provides that an inmate's eligibility for CCC placement not be determined until the inmate is within 11-13 months of his or her projected release date.  See BOP Program Statement 7310.04.  Because the petitioner had not yet been deemed eligible for CCC placement, and no recommendation had yet been made pursuant to 18 U.S.C. § 3624(c) and § 3621(b), the magistrate judge concluded that the petitioner could not challenge the BOP's ten percent policy because it had not yet been applied to him.

On February 28, 2007, the petitioner filed timely objections to the magistrate judge's recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made.  But for intervening events, this Court would affirm the magistrate judge's determination that the application should be dismissed because the

2

issues are not ripe for review.  However, on November 29, 2007, the petitioner filed an Emergency Motion to Reconsider Transferring Petitioner to a Community Corrections Center.  In the motion, the petitioner asserts that since the filing of the magistrate judge's recommendation, he has received his formal CCC referral.  Attached to the motion is a copy of the BOP's official referral form for the petitioner's placement in a CCC.  Therefore, the issues raised in the petitioner's application for habeas corpus are now ripe for review.  Because time is of the essence,[2] the Court will address the merits of the application without referring this matter to the magistrate judge for further recommendation.

## I.  Facts

On January 4, 2006, the petitioner was sentenced in the United States District Court for the Western District of North Carolina to a thirty-seven month term of imprisonment followed by a two-year term of supervised release for Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C. § 371, Mail Fraud and Aiding and Abetting the same in violation of 18 U.S.C. §§ 1341 and 2, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), and Money Laundering in violation of 18 U.S.C. § 1957.

---

[2]In the Emergency Motion to Reconsider Transfer (Doc. No. 20), the petitioner asserts that his projected release date is August 14, 2008.

On September 24, 2007, the BOP reviewed the petitioner's eligibility for CCC placement. (Doc. No. 20, Ex. A, B.) Upon review, the BOP determined that the petitioner meets the qualifications for CCC placement and recommended that the petitioner be transferred to a CCC for the last 97 days of his sentence served. In other words, the BOP recommended that the petitioner be placed in a CCC for the last ten percent of the time served on his sentence, or on May 9, 2008. In making this determination, the BOP relied on regulations it promulgated in 2005 to govern inmates' placements in CCCs rather than considering the five factors enumerated in 18 U.S.C. § 3621(b).

## II. <u>Contentions of the Parties</u>

In his Application for Habeas Corpus, the petitioner alleges that the BOP's policy of transferring prisoners to a CCC for the last ten percent of their term of imprisonment is invalid.

In its response to the petition and the show cause order, the respondent contends that the § 2241 petition should be dismissed because, among other things:

(1) The petitioner has failed to exhaust his administrative remedies;

(2) The issues the petitioner raises are not yet ripe for adjudication;

4

(3) The 2005 Rules are a lawful exercise of the BOP's broad statutory discretion to designate an inmate's place of imprisonment and are entitled to substantial deference; and

(4) The 2005 Rules do not violate the Ex Post Facto Clause.

### III. Discussion

At the time the petitioner initiated this case, the BOP had not made a formal recommendation regarding the petitioner's placement in a CCC; however, the BOP has since made such recommendation. (Doc. No. 20, Ex. A, B.) Because the BOP has recommended that the petitioner be placed in a CCC for only the last ten percent of his sentence, this case is now ripe for adjudication.

In Jaworski v. Gutierrez, 509 F. Supp. 2d 573 (N.D. W. Va. 2007), this Court addressed the validity of the BOP's regulations governing the placement of inmates in CCCs ("2005 Rules"). In that case, petitioner Martin Jaworski was sentenced to 43 months of imprisonment. The BOP recommended that the petitioner be transferred to a CCC for only the last 113 days of his confinement period. This period represented the final ten percent of the time served on the petitioner's sentence. The petitioner challenged the recommended time for CCC placement in a petition for writ of habeas corpus, arguing that the BOP's categorical policy in its 2005 Rules of transferring prisoners to a CCC for the last ten percent of their prison terms was unconstitutional. This Court determined

5

that the BOP's regulations governing CCC placements contravened congressional intent regarding prisoner placement, as expressed in 18 U.S.C. § 3621(b), and were therefore invalid to the extent that the regulations limited placement of the petitioner in a CCC to the lesser of ten percent or six months of his sentence without considering the factors Congress enumerated in the statute. Accordingly, this Court granted petitioner Jaworski's § 2241 petition and directed the BOP to consider the requisite factors.

The issues in this case are identical to those previously addressed by this Court in <u>Jaworski</u>. Therefore, the analysis in <u>Jaworski</u> controls the result in this case. Because the BOP failed to consider the factors enumerated in 18 U.S.C. § 3621(b) before recommending a term of CCC placement for petitioner Porreca, the petitioner's § 2241 petition must be granted to the extent that it requests an order directing the BOP to consider such factors. The petitioner is not entitled, however, to an order transferring him to a CCC.

## IV. <u>Conclusion</u>

Based on the foregoing, it is the opinion of this Court that the petitioner's § 2241 petition should be, and is hereby GRANTED as framed above, and the BOP is directed to immediately consider this petitioner, Marc Porreca, for CCC placement in accordance with the five factors set forth in 18 U.S.C. § 3621(b).

Moreover, because the granting of the instant petition does not entitle the petitioner to six months CCC placement, the petitioner's Emergency Motion to Reconsider Transferring Petitioner to a Community Corrections Center is DENIED. See 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement); Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also Wedelstedt, 477 F.3d at 1168 (a finding that the BOP's ten percent policy is invalid does not entitle an inmate to transfer to a CCC).

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rules of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 7, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE